Meena BRONGEL, Plaintiff–Appellant,

v.

BANK ONE CORPORATION,
Defendant–Appellee.

No. 04–1424.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2004.*

Decided Aug. 31, 2004.

Meena Brongel, Chicago, IL, pro se.

Gregory D. Isbell, Bank One Law Department, Chicago, IL, Defendant–Appellee.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

ORDER

While employed by the Bank One Corporation, Meena Brongel engaged in a consensual, romantic relationship with one of her supervisors, Jerry Glass. After the relationship ended, Brongel says that Glass continued to occasionally ask her for sex and at one point kissed her without her consent. She eventually resigned. Brongel filed two discrimination charges with the EEOC before bringing this lawsuit, alleging age, national origin, race, and sex discrimination and retaliation in violation of Title VII. The district court granted summary judgment to Bank One. The court determined, first, that Brongel could proceed only on her sex discrimination and retaliation claims because these were the only claims that she specified in her EEOC charges. The court then determined that there was no basis for employer liability for sexual harassment on the part of Bank One, and that Brongel's claim of retaliation wholly lacked evidentiary support.

On appeal Brongel does not challenge the district court's conclusions or present any legal argument, but instead repeats her unsupported allegations from the district court proceedings. Brongel's vague

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

and circuitous presentation lacks citations to the record or legal authority and accordingly does not comply with Fed. R.App. P. 28(a)(9), which requires even pro se litigants to submit a brief containing cognizable arguments with supporting citations. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). Accordingly, we must dismiss her appeal.

DISMISSED.